UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ALEX LEONARD AZEVEDO,<br><br>Plaintiff,<br><br>v.<br><br>COLUSA COUNTY, et al.,<br><br>Defendants. | No. 2:18-cv-3217 WBS KJN P<br><br>FINDINGS AND RECOMMENDATIONS |
|---|---|

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff's amended complaint is now before the court.

As plaintiff was previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In his amended complaint, plaintiff named as defendants Albert Smith, plaintiff's court-appointed counsel in criminal proceedings held in the Colusa County Superior Court, and Jeffrey A. Thompson, Judge of the Colusa County Superior Court. Plaintiff alleges that he suffered

various errors in criminal proceedings in Colusa County during defendant Smith's representation of plaintiff, and claims defendant Thompson denied plaintiff's Marsden motion in plaintiff's criminal case CR58243. (ECF No. 12 at 6.) Such allegations fail to state a claim under § 1983 for the following reasons.

First, plaintiff may not maintain a § 1983 action to recover damages for "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid" when his sentence and conviction have not previously been reversed, expunged, declared invalid, or called into question upon issuance of a writ of habeas corpus by a federal court. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Thus, in situations where the plaintiff's success on the § 1983 action would necessarily imply the invalidity of his underlying conviction or sentence, he must first demonstrate he has received a "favorable termination" of his criminal conviction through a reversal or similar court action. Id. Plaintiff has not done so. Plaintiff's claims should be raised, if at all, in a habeas proceeding.

Second, none of the defendants named in this action are appropriate. Plaintiff cannot state a viable section 1983 claim against his appointed criminal defense attorney. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." See Polk County v. Dodson, 454 U.S. 312, 325 (1981). Furthermore, any potential claim for legal malpractice does not come within the jurisdiction of the federal courts. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

As to Judge Thompson, as a general rule judicial immunity bars claims against a state court judge for actions related to the judicial process. See In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002); Wolfe v. Strankman, 392 F.3d 358, 366 (9th Cir. 2004) (section 1983 "contemplates judicial immunity from suit for injunctive relief for acts taken in a judicial capacity"); Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (*per curiam*) (judges are also absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts). Here, plaintiff alleges that Judge Thompson denied plaintiff's Marsden motion, an act related to the judicial process, and well within the state court's jurisdiction.

////

The undersigned finds none of plaintiff's putative claims cognizable under § 1983, and therefore concludes that amendment of the complaint would be futile. The court has determined that plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable claim. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. The complaint be dismissed without leave to amend for failure to state a cognizable claim; and

2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 22, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/azev3217.56